IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LINDAMARIE MUSE,

Plaintiff,

No. CIV S-09-2489 JAM EFB

vs.

THOMPSON & ASSOCIATES, PC,

Defendant.

_______________________________/

FINDINGS AND RECOMMENDATIONS

This case was referred to the undersigned pursuant to Eastern District of California Local Rule 302(c)(19) and 28 U.S.C. § 636(b)(1) for hearing on plaintiff's motion for entry of default judgment against defendant Thompson & Associates, PC. On March 3, 2010, a hearing on the motion was held. Attorney Darren Shaw appeared on behalf of plaintiff; no appearance was made on behalf of defendant. For the reasons that follow, and as stated on the record at the hearing, the court recommends that plaintiff's application for entry of default judgment be granted.

I. BACKGROUND

On September 3, 2009, plaintiff filed a complaint against defendant Thompson & Associates for violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq*. ("FDCPA") and the Rosenthal Fair Debt Collection Practices Act, California Civil Code §§ 1788

*et seq*. ("RFDCPA"), and for common law invasion of privacy by intrusion and invasion of privacy by publication of private facts. Dckt. No. 1. This court has jurisdiction over plaintiff's claims pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1367. *See* 15 U.S.C. § 1692k(d) ("An action to enforce any liability created by this subchapter may be brought in any appropriate United States district court without regard to the amount in controversy, or in any other court of competent jurisdiction, within one year from the date on which the violation occurs.").

Plaintiff alleges she is a consumer and defendant is a debt collector as those terms are defined in the FDCPA and RFDCPA, and that defendant sought to collect a consumer debt from plaintiff. Dckt. No. 1, Compl. ¶¶ 3-5. Plaintiff alleges that at various and multiple times before filing the complaint, defendant contacted plaintiff in an attempt to collect an alleged outstanding debt, and in doing so, engaged in conduct that violated the FDCPA and RFDCPA in multiple ways. *Id.* ¶ 5. Plaintiff contends that as a result of these violations and defendant's intrusion into private matters of plaintiff's life and disclosure of private facts, which would be highly offensive to a reasonable person, plaintiff suffered emotional distress, humiliation, embarrassment, and mental anguish. *Id.* ¶¶ 6-8. Plaintiff's complaint seeks declaratory relief, damages, and attorney fees and costs. *Id.*, Prayers for Relief.

Plaintiff's complaint and summons were personally served on defendant on September 21, 2009. Dckt. No. 7. Because defendant failed to answer or otherwise respond to the complaint, on November 18, 2009, plaintiff requested entry of default against defendant. Dckt. No. 9. The Clerk of this Court entered defendant's default on November 30, 2009. Dckt. No. 11.

Plaintiff now seeks default judgment against defendant pursuant to Federal Rule of Civil Procedure 55(b). Her motion for default judgment, which was served on defendant, Dckt. No. 13 at 3, seeks default judgment against defendant in the amount of five thousand six hundred eighty-three dollars ($5,683.00), representing statutory damages in the amount of two thousand dollars ($2,000.00), 15 U.S.C. § 1692(k)(a)(2)(A), Cal. Civ. Code § 1788.32, two thousand five

hundred forty-eight dollars ($2,548.00) in attorney fees to date, seven hundred fifty dollars ($750.00) in anticipated collection fees and costs, and three hundred eighty-five dollars ($385.00) in costs to date. Dckt. No. 12 at 2.

II. DISCUSSION

It is within the sound discretion of the district court to grant or deny an application for default judgment. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). In making this determination, the court considers the following factors:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning the material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). "In applying this discretionary standard, default judgments are more often granted than denied." *Philip Morris USA, Inc. v. Castworld Products, Inc.*, 219 F.R.D. 494, 498 (C.D. Cal. 2003) (quoting *PepsiCo, Inc. v. Triunfo-Mex, Inc.*, 189 F.R.D. 431, 432 (C.D. Cal. 1999)).

As a general rule, once default is entered, the factual allegations of the complaint are taken as true, except for those allegations relating to damages. *TeleVideo Systems, Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987) (citations omitted). However, although well-pleaded allegations in the complaint are admitted by defendant's failure to respond, "necessary facts *not* contained in the pleadings, and claims which are *legally insufficient*, are *not* established by default." *Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992).

The FDCPA prohibits debt collectors from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692d. Included among the conduct prohibited by § 1692d is "[t]he use of obscene or profane language or language the natural consequence of which is to abuse the hearer or reader." *Id.* § 1692d(2). The FDCPA also prohibits debt collectors from

using "any false, deceptive, or misleading representation or means in connection with the collection of any debt." *Id.* § 1692e. Included among the conduct prohibited by § 1692e is:

> (5) The threat to take any action that cannot legally be taken or that is not intended to be taken.
>
> ***
>
> (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.
>
> (11) The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action.

Additionally, § 1692c(a)(1) provides that without the prior consent of the consumer, "a debt collector may not communicate with a consumer in connection with the collection of any debt– (1) at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer"; § 1692g(a) provides that "[w]ithin five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice"; and § 1692f provides that "[a] debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." *Id.* §§ 1692c(a)(1), 1692g(a), 1692f.

The RFDCPA provides that debt collector shall not collect or attempt to collect a consumer debt by means of the following practices or conduct: "[t]he false representation that a legal proceeding has been, is about to be, or will be instituted unless payment of a consumer debt is made," Cal. Civ. Code § 1788.13(j); "[t]he threat that the failure to pay a consumer debt will result in an accusation that the debtor has committed a crime where such accusation, if made, would be false," *id.* § 1788.10(b); "[c]ausing a telephone to ring repeatedly or continuously to

annoy the person called," *id.* § 1788.11(d); and "[c]ommunicating, by telephone or in person, with the debtor with such frequency as to be unreasonable and to constitute an harassment to the debtor under the circumstances," *id.* § 1788.11(e). The RFDCPA also requires debt collectors to comply with the FDCPA. *Id.* § 1788.17.

Here, plaintiff specifically alleges that defendant violated § 1692e(5) of the FDCPA by threatening to take an action against plaintiff that could not legally be taken or that was not actually intended to be taken; violated § 1692e(10) of the FDCPA by using false representations and deceptive practices in connection with collection of an alleged debt from plaintiff; violated § 1692c(a)(1) of the FDCPA by communicating with plaintiff at times or places which were known or should have been known to be inconvenient for plaintiff, including but not limited to calling plaintiff while she was in the hospital; violated § 1692d of the FDCPA by engaging in conduct the natural consequence of which is to harass, oppress, or abuse plaintiff; violated § 1692e(11) of the FDCPA by failing to notify plaintiff during each collection contact that the communication was from a debt collector; violated § 1692g(a) of the FDCPA by failing to provide plaintiff with the notices required by § 1692g, either in the initial communication with plaintiff or in writing within five days thereof; violated § 1692f of the FDCPA by using unfair or unconscionable means against plaintiff in connection with an attempt to collect a debt; and violated § 1692d(2) of the FDCPA by using obscene or profane language directed at plaintiff in connection with collection of a debt. Compl. ¶ 5.

Plaintiff further alleges that defendant violated § 1788.13(j) of the RFDCPA by falsely representing that a legal proceeding had been, or was about to be, instituted unless payment of a consumer debt was made; violated § 1788.10(b) of the RFDCPA by threatening that the failure by plaintiff to pay plaintiff's consumer debt would result in an accusation that plaintiff had committed a crime, where such accusation was false; violated § 1788.11(d) of the RFDCPA by causing a telephone to ring repeatedly or continuously to annoy plaintiff; and violated § 1788.11(e) of the RFDCPA by communicating, by telephone or in person, with plaintiff with

such frequency as to be unreasonable and to constitute harassment to plaintiff under the circumstances. Compl. ¶ 5.

Because plaintiff's allegations are taken as true on default, the court finds that plaintiff has made out several *prima facie* FDCPA and RFDCPA claims. Additionally, the court finds that the majority of the *Eitel* factors weigh in favor of granting default judgment to plaintiff on those claims. *See Basinger-Lopez v. Tracy Paul & Assoc.*, 2009 WL 1948832, at *2-4 (N.D. Cal. July 6, 2009); *Myers v. LHR, Inc*., 543 F. Supp.2d 1215, 1217-18 (S.D. Cal. 2008).

Plaintiff does not seek actual damages, but requests the maximum amount of statutory damages ($2,000.00), and $3,683.00 in attorney's fees and costs. The FDCPA provides that "any debt collector who fails to comply with any provision of this subchapter with respect to any person is liable to such person in an amount equal to the sum of – (1) any actual damage sustained by such person as a result of such failure; (2)(A) in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000; . . . and (3) in the case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court." 15 U.S.C. § 1692k(a). Additionally, any debt collector who violates the RFDCPA "with respect to any debtor shall be liable to that debtor . . . in an amount equal to the sum of any actual damages sustained by the debtor as a result of the violation." Cal. Civ. Code § 1788.30(a). Further, "[a]ny debt collector who willfully and knowingly violates [the RFDCPA] with respect to any debtor shall, in addition to actual damages sustained by the debtor as a result of the violation, also be liable to the debtor . . . for a penalty in such amount as the court may allow, which shall not be less than one hundred dollars ($100) nor greater than one thousand dollars ($1,000)." *Id*. § 1788.30(b). In any action brought under RFDCPA, "the prevailing party shall be entitled to costs of the action" and a prevailing debtor shall be entitled to "[r]easonable attorney's fees, which shall be based on time necessarily expended to enforce the liability." *Id*. § 1788.30(c).

////

In light of defendant's multiple violations of both the FDCPA and RFDCPA, the undersigned finds that plaintiff should be entitled to recover the maximum amount of statutory damages, which is $2000.00. *Basinger-Lopez*, 2009 WL 1948832, at *5 (citing 15 U.S.C. § 1692k(b)(1)) ("When considering the amount of statutory damages to award, a court may consider the nature of a defendant's noncompliance, as well as the frequency of its acts and whether the noncompliance was intentional."). The court also finds that plaintiff should be entitled to recover her $385.00 in costs to date pursuant to 15 U.S.C. § 1692k(a) and California Civil Code section 1788.30(c).

Finally, the undersigned finds that plaintiff is entitled to recover her reasonable attorney's fees. Given the facts presented, the amount of hours expended (14.4) and the billable rate used ($265/hour) are reasonable, particularly in light of plaintiff's successful prosecution of this case. *See* Dckt. No 13; *Basinger-Lopez*, 2009 WL 1948832, at *5. Therefore, the undersigned will recommend that plaintiffs be entitled to $2,548.00 in attorney's fees. *See Ferland v. Conrad Credit Corp*., 244 F.3d 1145 (9th Cir. 2001) (In an FDCPA case, a "district court must calculate awards for attorney's fees using the 'lodestar' method"); *Camacho v. Bridgeport Financial, Inc*., 523 F.3d 973, 978 (9th Cir. 2008) ("The 'lodestar' is calculated by multiplying the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate.").

However, the undersigned will not recommend that plaintiff recover the $750.00 in anticipated collection fees and costs that she requests. Plaintiff cites no authority in support of such an award and "[t]he plain language of § 1692k states that 'the costs of the action' itself may be recovered, but does not provide for costs incurred in enforcing a resulting judgment." *Middlesworth v. Oaktree Collections, Inc*., 2009 WL 3720884, at *2 (E.D. Cal. Nov. 3, 2009) (citing *Molinar v. Coleman*, 2009 WL 435274, *3 (N.D. Tex. 2009)); *Dayton v. N.E. Fin. Solutions*, 2009 WL 4571819, at *3 (W.D.N.Y. Dec. 7, 2009) ("The Court rejects plaintiff's proposal for 'anticipated collection costs' as unfounded in statutory or other legal authority.").

////

III. CONCLUSION

In view of the foregoing findings, IT IS HEREBY RECOMMENDED that:

1. Plaintiffs' motion for default judgment, Dckt. No. 12, be GRANTED;

2. Plaintiffs be awarded $2000.00 in statutory damages, $385.00 in costs to date, and $2,548.00 in attorney's fees to date; and

3. The Clerk be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: March 4, 2010.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE